UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVORIN SKENDER and JOELLE SKENDER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO.: 1:22-CV-2054 ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

# NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company ("State Farm"), by counsel, files this *Notice of Removal* to remove the above-captioned case to this Court. State Farm, appearing only to effect removal, and preserving all available defenses, states:

## VENUE

1. On September 13, 2022, Plaintiffs, Davorin Skender and Joelle Skender ("Plaintiffs"), filed their *Complaint and Demand for Jury Trial* (the "Complaint") against State Farm in Monroe Circuit Court, Indiana, under Case Number 53C01-2209-PL-001871 (the "State Court Action").

2. Removal of the State Court Action to the Southern District of Indiana, Indianapolis Division, is proper under 28 U.S.C. § 1441(a), because the Southern District

of Indiana, Indianapolis Division, embraces Monroe County, Indiana, where the State Court Action is pending.

## REMOVAL IS TIMELY

3. Less than thirty (30) days ago, on September 20, 2022, State Farm was served with a Summons and Plaintiffs' Complaint.

4. Plaintiffs also served State Farm with *Plaintiffs' First Request for Production of Documents to State Farm Fire and Casualty Company* contemporaneously with the Complaint.

5. On October 7, 2022, State Farm filed its *Motion for Enlargement of Time* up to and including November 12, 2022, to respond to Plaintiffs' Complaint, and the Monroe Circuit Court granted the motion the same day.

6. There have been no other proceedings in the State Court Action.

7. Thus, State Farm's Notice of Removal is timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

8. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over the State Court Action because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiffs Davorin Skender and Joelle Skender are citizens of Indiana.

10. State Farm is a citizen of Illinois because it is a stock insurance company incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois.

11. The State Court Action arises out of a dispute over the amount of insurance coverage owed due to a fire loss.

12. Plaintiffs' Complaint alleges damage to their residence, and they allege, among other things, that State Farm "failed and/or refused to pay Plaintiffs' claims in full and/or in a timely and appropriate manner", "fail[ed] to pay to Plaintiffs the amounts due under the Homeowners Policy", "breached its duty to act in good faith in dealing with Plaintiffs", "acted with malice, fraud, gross negligence, and oppressiveness", and acted with a "furtive design…to avoid payment of proceeds due and/or delay making payments." Complaint at ¶¶9-10, 13-15.

13. The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiffs' estimate to repair their home, the dispute that forms the basis of their breach of contract claim, exceeds State Farm's estimate by $86,000, there remains a dispute over the value of Plaintiffs' personal property claim and possibly over the amount of additional living expenses State Farm may owe, and Plaintiffs' have asserted a bad faith claim against State Farm, which allows for punitive damages up to three times the compensatory damages awarded. *See generally* Complaint; *see also Copak v. State Farm Mut. Auto. Ins. Co.*, No 2:12-cv-000400-JD, 2013 WL 450198, at *2 (N.D. Ind.

Feb. 6, 2013) ("If [the plaintiff] were to be awarded the maximum punitive damages allowed by Ind. Code § 34-51-3-4, the amount in controversy would be approximately $100,000.").

14. The State Court Action does not fall within any class of actions under which applicable rules, laws, or statutes limit or prohibit removal to this Court.

15. For these reasons, the State Court Action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

## STATUTORY REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(a), the State Court Record as of the date of this Notice of Removal is attached and includes the following: Appearances, Complaint, Summons, Certificate of Service, Motion for Enlargement of Time, and the Order granting the Motion for Enlargement of Time.

17. Under 28 U.S.C. § 1446(d), State Farm will file a copy of this *Notice of Removal* with the Monroe Circuit Court, Indiana, and State Farm will serve Plaintiffs with both this *Notice of Removal* and the *Notice of Filing Notice of Removal*.

WHEREFORE, State Farm, by counsel, notifies this Court of the removal of the State Court Action.

LEWIS WAGNER, LLP

BY: */s/ Eric C. McNamar*
ERIC C. MCNAMAR, #22467-49
EDMUND L. ABEL, #36293-49
*Counsel for Defendant*

Page **4** of **5**

## CERTIFICATE OF SERVICE

On October 20, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's electronic filing system, electronic mail, or U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Michael L. Schultz
PARR RICHEY FRANDSEN PATTERSON
   KRUSE LLP
251 North Illinois Street, Suite 1800
Indianapolis, IN  46204
mschultz@parrlaw.com
*Attorney for Plaintiffs*

                                                */s/ Eric C. McNamar*
                                                ERIC C. MCNAMAR

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone: (317) 237-0500
Facsimile: (317) 630-2790
emcnamar@lewiswagner.com
eabel@lewiswagner.com